## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

ACR Restaurants, Inc.,

       Plaintiff,

v.

Rice Restaurant Group, LLC; Torrest
Rice, *also known as* TJ Rice, *also known
as* Torrest Rice, Jr.; Rice International,
Inc.; Bank of America, N.A.;

       Defendants.

No. 26-cv-1045 (KMM/EMB)

**ORDER**

---

Plaintiff ACR Restaurants, Inc. ("ACR") brought this action in state court, and on February 4, 2026, Defendant Bank of America, N.A. ("BOA") removed it to federal court. ACR asserts claims for breach of contract and other equitable claims against BOA. In addition, ACR brings claims of breach of contract and fraud against Defendants Rice Restaurant Group, LLC ("RRG"), Rice International, Inc. ("Rice International"), and Torrest Rice. (Am. Compl., Dkt. 11.) On April 20, 2026, Mr. Rice filed a motion to dismiss in which he argues that ACR's unjust-enrichment claims against RRG and himself should be dismissed for failure to state a claim, and all claims against Rice International should be dismissed for insufficient service of process. (Dkt. 14.)

Mr. Rice is not an attorney, but he has filed the motion to dismiss on his own behalf and on behalf of RRG and Rice International. Mr. Rice may proceed *pro se* in this litigation. He can represent his own interests insofar as ACR has asserted claims against him personally. 28 U.S.C. § 1654; *see, e.g.*, *Hunter v. Doe*, No. 5:18-CV-05011-JLV, 2018

1

WL 1569753, at *1 (D.S.D. Mar. 30, 2018) ("As a general matter of federal law, an individual proceeding in federal court has the right to present his case pro se. . . ." (quoting *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 67 (2d Cir. 2011).

But corporations and limited liability companies cannot proceed *pro se* in federal court. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); *LeDuc Gifts & Specialty Prods., LLC v. Sachs*, 363 F. Supp. 3d 980, 981 (D. Minn. 2018) (citing *Ackra Direct Mktg. Corp.*, 86 F.3d at 857); *SEC v. Lawton*, No. 09-cv-(ADM/AJB), 2011 WL 1467742, at *1 (D. Minn. Apr. 18, 2011) (explaining that the defendant, who was not an attorney, was not permitted to "file motions on behalf of" an LLC business entity). Because Mr. Rice is not licensed counsel, he may not represent RRG and Rice International in this action. The Court cautions RRG and Rice International that, if these entities wish to defend themselves against ACR's claims in this litigation, they must retain counsel to do so. If RRG and Rice International fail to retain counsel admitted to practice before this Court, that may result in the entry of default against those entities. *See, e.g.*, *Razor Capital, LLC v. HP Debt Exchange, LLC*, No. 13-cv-272 (MJD/JSM), 2015 WL 137617, at *3 (D. Minn. Jan. 7, 2015) (citing cases holding that entry of default is appropriate where artificial business entities fail to retain counsel).

Because Mr. Rice filed the pending motion to dismiss on behalf of two artificial business entities that he cannot represent in federal court, the Court strikes the motion without prejudice. This Order does not prevent Mr. Rice from filing a motion to dismiss on his own behalf with respect to the claims ACR has asserted against him. Nor does it

prevent him from, alternatively, filing an answer to the complaint concerning the claims asserted against him personally. The Court will give him time to do either. But he cannot file either on behalf of RRG or Rice International. Similarly, this Order does not prevent RRG or Rice International from filing a timely motion or answer to the complaint if they promptly retain counsel.

Therefore, **IT IS HEREBY ORDERED THAT**:

1. The Motion to Dismiss (Dkt. 14) is **STRICKEN** without prejudice as explained in this Order.

2. The deadline for Defendants Torrest Rice, Rice Restaurant Group, LLC, and Rice International, Inc. to answer or otherwise respond to ACR's Amended Complaint is extended to **no later than June 15, 2026**.[1]

Date: April 22, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Judge

---

[1] At least based on this Court's initial review, the record in this case suggests Mr. Rice and RRG currently have a deadline of May 2, 2026 to answer or otherwise respond to the complaint by virtue of the executed waiver of service that ACR sent to them on March 3, 2026. (*See* Dkt. 9); Fed. R. Civ. P. 4(d)(3). It also appears that, at least as of April 15, 2026 (the date on the motion to dismiss (Dkt. 14)), Mr. Rice believed that service of process on Rice International, Inc. was not effective. Moreover, since Mr. Rice and RRG executed the waiver of service, ACR has filed an Amended Complaint and the Clerk of Court has issued summons as to all three of these Defendants. Given these circumstances, the Court finds that extending the deadline for all three Defendants will allow time for RRG and Rice International to engage counsel to represent them in this litigation, and coordinating the deadline for all three will create the most efficient approach to this early stage of the litigation. Nothing in this Order precludes any party from properly seeking an extension of the consolidated June 15, 2026 deadline.